UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK W. LARSEN, | ) |
| Plaintiff, | ) No. CV-09-0168-CI |
| v. | ) ORDER DENYING PLAINTIFF'S<br>) MOTION FOR SUMMARY JUDGMENT<br>) AND GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) MOTION FOR SUMMARY JUDGMENT<br>) |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 10, 11.) Attorney Clifford King B'Hymer represents Mark W. Larsen (Plaintiff); Special Assistant United States Attorney Richard A. Morris represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) and supplemental security income (SSI) in November 2005. (Tr. 85, 188A.) He alleged disability due above the knee right leg amputation, with an alleged onset date of February 28, 2003. (Tr. 117, 118.) His claims were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1  (ALJ), which was held on July 16, 2008, before ALJ Robert S.
2  Chester. (Tr. 191-201.) Plaintiff, who was represented by counsel,
3  failed to appear. For good cause shown, the hearing was rescheduled
4  for November 17, 2008. (Tr. 53.) Plaintiff and vocational expert
5  T. Moreland (VE) testified. (Tr. 202-23.) The ALJ denied benefits
6  on November 27, 2007, and the Appeals Council denied review. (Tr.
7  17-26, 4-6.) The instant matter is before this court pursuant to 42
8  U.S.C. § 405(g).

## STATEMENT OF THE CASE

10  The facts of the case are set forth in detail in the transcript
11  of proceedings, and are briefly summarized here. At the time of the
12  hearing, Plaintiff was 42 years old. (Tr. 211.) He had an eleventh
13  grade education, (Tr. 121), and past work experience as a computer
14  mechanic repairer, a bindery machine operator, and a telemarketer.
15  (Tr. 215.) His right leg was amputated after a vehicle accident in
16  1986. He received social security disability benefits from 1987
17  until 1990 due to his right leg amputation. (Tr. 207.) He
18  voluntarily went to work, and benefits were terminated. He quit his
19  job in 2003. (Tr. 207.) He testified he could not work now because
20  he could no longer do activities he did in the past. (Tr. 208.) He
21  stated he did not use a prosthesis because he could not afford one.
22  (Tr. 209.)

## ADMINISTRATIVE DECISION

24  At step one, ALJ Chester found Plaintiff had not engaged in
25  substantial gainful activity since the alleged onset date. (Tr.
26  22.) At step two, he found Plaintiff had the severe impairment of
27  above the knee right leg amputation, and non-severe mental

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

impairments and non-severe neck pain. (Tr. 22-23.) At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal an impairment in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings), section 1.05B (Amputation for any cause). (Tr. 23.) At step four, he determined Plaintiff had the residual functional capacity (RFC) to perform light work, except he could only lift 10 pounds and "occasionally climb ramps and stairs, stoop, crouch, or crawl, and never climb ladders, ropes, or scaffolds. He should also avoid concentrated exposure to fumes, dust, and gases." (Tr. 23-24.) After summarizing Plaintiff's testimony, the ALJ found his statements were not credible to the extent they were inconsistent with the RFC findings. (Tr. 24.) Considering VE testimony, ALJ Chester determined Plaintiff was able to perform his past relevant work as a telemarketer. He concluded Plaintiff was not under a "disability" as defined by the Social Security Act at any time through the date of his decision. (Tr. 26.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

*Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred at step three when: (1) he found Plaintiff did not meet or equal the criteria in Listing 1.05B; and (2) he failed to call a medical expert to opine on equivalency. (Ct. Rec. 10, Memorandum in Support of Summary Judgment, at 4-6.)

**DISCUSSION**

At step three of the sequential evaluation, the Commissioner must determine if Plaintiff's severe impairments, alone and in combination, meet or equal a Listing. The Listings were promulgated by the Commissioner to describe various illnesses and abnormalities, categorized by the various body systems, that are considered severe enough to prevent substantial gainful activity "regardless of age,

education or work experience." 20 C.F.R. § 404.1525; *Sullivan v. Zebley*, 493 U.S. 521, 529-30 (1990). The claimant has the burden of proof at step three. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To show he meets a Listing, the claimant must establish that he meets each criterion of the listed impairment relevant to his claim. *Sullivan*, 493 U.S. at 531. If a claimant's impairments do not meet the Listing exactly, a finding of "disabled" may be appropriate if his impairments in combination "equal" a Listing. To prove that he "equals" a Listing, "a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment." *Tackett*, 180 F.3d at 1099 (*quoting* 20 C.F.R. § 404.1526). That is to say, evidence of other significant objective medical findings, along with a cogent argument, must be presented to raise presumption of disability through equivalency at step three. *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). Absent significant medical evidence of the requisite criteria and a plausible theory, the ALJ is not required to explain why equivalency is not established. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990).

**A.   Listing 1.05B**

Plaintiff contends the medical evidence establishes the criteria in Listing 1.05B, which requires an amputation, due to any cause, of: "[o]ne or both lower extremities at or above the tarsal region, with stump complications resulting in medical inability to use a prosthetic device to ambulate effectively, as defined in 1.00B2b, which have lasted for at least 12 months." Although

Plaintiff concedes his amputation has healed and he "does well getting round on crutches with one leg," he asserts he satisfies the Listing requirements, and is eligible for disability benefits, because he does not use a prosthetic device to ambulate. (Ct. Rec. 10, *Memorandum* at 5-6.)

As found by the ALJ, Plaintiff has an above the knee right leg amputation, "but there no showing that he is unable to use a prosthesis devise to ambulate." (Tr. 23.) The ALJ noted that the record indicates Plaintiff had been able to work, using only crutches, prior to the date his alleged disability began. The ALJ also found Plaintiff stated at the hearing he could not afford a prosthesis, but when he was working, Plaintiff chose not to use a prosthesis. (Tr. 25.) In addition, the ALJ found Plaintiff "had not shown that he has exhausted all community resources to obtain a prosthesis." *Id*. Thus, as found by the ALJ, Plaintiff did not meet his burden to show that his impairment was due to a "medical inability" to wear a prosthesis, as required by the Regulations. This finding is supported by the medical records, the relevant Social Security Regulations, and Plaintiff's testimony.

Dr. John Grauke, M.D., reported in October 2005 that Plaintiff had a "well-healed surgical AKA [above knee amputation]." (Tr. 162.) In February 2006, physician Christina Bjornstad, M.D., examined Plaintiff and found no complications with the healed amputation, noting only atrophy in his right thigh. (Tr. 154-58.) Although she opined Plaintiff could not walk without crutches or a walker because he didn't have a prosthesis, she did not opine he was unable to wear a prosthesis for medical reasons. (Tr. 155.)

Rather, she reported he could move short distances with his crutches, and "if he got a prosthesis that worked, this would also be useful for short distances." (*Id.*) Regarding his ability to perform other work activities, she opined Plaintiff had "good strength and coordination of his hands and would be able to do a job that would be prolonged sitting." *Id.* On March 14, 2006, Social Security examiners determined Plaintiff did not meet Listing 1.05B because there was "no evidence or reason to believe that Mr. Larsen is not able to use a prosthesis," or that he had exhausted all sources of community support for obtaining a prosthesis, including vocational rehabilitation assistance. (Tr. 164.) Plaintiff has not provided evidence to controvert these findings.

Plaintiff submitted additional evidence to the Appeals Council after the ALJ's denial of benefits. These records are part of the record on review. *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000). However, remand for consideration by the ALJ is warranted only if the new evidence shows there is a reasonable possibility that it would change the outcome of the ALJ's determination. *Mayes v. Massanari,* 276 F.3d 453, 462 (9th Cir. 2001). This is not the case in this matter.

The new evidence includes a one-time physical evaluation form signed by Teresa Colley, ARNP, dated October 6, 2008, in which Plaintiff was assessed as "severely limited." (Tr. 10-14.)[1]  Ms.

---

[1] Although Plaintiff attributes the report to "Dr. Scott Hubbell" (Tr. 9), it appears Mr. Hubbell is a state worker at the Department of Social and Health Services in Spokane, Washington. (Tr. 13.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

Colley noted that Plaintiff walked with crutches due to a right leg above knee amputation, and that his "old prosthesis from two years ago . . . doesn't fit." (Tr. 11.) She opined Plaintiff "needs to be fitted for an above the knee prosthesis as soon as possible." (Tr. 13.) She cited no evidence of complications with the amputation or medical inability to use a prosthesis.

In addition to the physical evaluation, clinic notes from Ms. Colley dated October 16, 2008, show Plaintiff reported needing state benefits because he had no prosthesis and the old one did not fit. (Tr. 16.) The medical provider noted Plaintiff needed to get off crutches and recommended he be fitted for a prosthesis "as soon as possible." (Tr. 15-16.) It was her opinion that Plaintiff qualified for assistance. (Tr. 16.) The new evidence thus supports the ALJ's finding that Plaintiff is able to use a prosthesis, and does not meet the 1.05B criteria. Because there is no reasonable possibility that the new evidence would change the ALJ's decision, remand for consideration of this evidence is not warranted.

Plaintiff testified he did not use a prosthesis because he could not afford it. (Tr. 209.) He could not remember the names of places he had tried to obtain one over the years. (*Id*.) Although the court has ruled a disabled claimant may not be denied benefits because of an inability to pay for treatment, *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995),[2] the record shows that when Plaintiff

---

[2] In 2001, the Commissioner revised the Listing 1.10 criteria at issue in *Gamble*. 66 Fed. Reg. 58010-01, *available at* 2001 WL 1453802 (Fed. Reg.). Listing 1.10 was replaced by new Listing 1.05, which includes Listing 1.05B. To meet Listing 1.05B, Plaintiff must

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

was working and had access to medical care, he chose to use crutches. (Tr. 164.) Further, the Commissioner's policy ruling advises that a claimant cannot be found disabled if he fails, without justifiable cause, to follow treatment that would restore his ability to work. *Social Security Ruling (SSR) 82-59*.[3] The burden is on Plaintiff to present documentation of his financial circumstances and contacts with reasonably available community resources before inability to pay can be used as a basis for benefits. *Id*. Plaintiff has not met this burden. As discussed above, Ms. Colley and Dr. Bjornstad found no medical problems with his amputation and recommended Plaintiff obtain a prosthesis. Plaintiff has not shown he contacted available community resources prior to seeing Ms. Colley in October 2008, at which time it was recommended he get a prosthesis "as soon as possible," and also was deemed qualified for assistance. The ALJ's finding that Plaintiff did not meet the requirements of Listing 1.05B, is supported by substantial evidence and free of legal error.

**B.   Equivalency**

"At all times, the burden is on claimant to establish [his] be "medically unable to use a prosthetic device to ambulate effectively." Listing 1.05B. Plaintiff has not met this criterion.

[3] Social Security Rulings are issued to clarify the Regulations and policy. They are not published in the federal register and do not have the force of law. However, under the binding precedents, deference is to be given to the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3. (9th Cir. 1991).

entitlement to disability insurance benefits." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). At step three, Plaintiff must provide objective medical evidence and present a theory of how his medically determinable impairments equal a specific Listing. *Tackett*, 180 F.3d at 1099. Plaintiff contends the ALJ should have consulted a medical expert to determine equivalency. (Ct. Rec. 10, *Memorandum* at 4.) However, "[t]he responsibility for determining medical equivalence rests with the Administrative Law Judge or Appeals Council." 20 C.F.R. §§ 404.1526(e), 416.926(e). The Commissioner has ruled that medical expert testimony on the issue of equivalence is required only when the ALJ finds the evidence suggests a "judgment of equivalence may be reasonable." *SSR* 96-6p.

As discussed above, the record supports the ALJ's determination that Listing 1.05B is not met. A finding of equivalence must be based on alternative significant medical evidence and a plausible theory. *Lewis*, 236 F.3d at 514-15. Plaintiff has presented no evidence or theory to suggest equivalency under Listing 1.05B. Because there is no medical evidence or theory offered, the ALJ was not required to obtain medical expert testimony to opine on equivalency, or explain why equivalency is not established. *Gonzalez*, 914 F.2d at 1201; *SSR* 96-6p. The ALJ did not err at step three.

**C.   Sedentary Work**

Plaintiff appears to argue he is not capable of sedentary work as found by the ALJ, due to an inability to carry anything when he uses two crutches to walk. (Ct. Rec. 10, Memorandum at 6.) Sedentary work involves lifting no more than ten pounds at a time, and occasionally lifting or carrying small objects. It requires an

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

ability to sit for six out of an eight hour day and to walk and stand not more than two hours in an eight hour day. *SSR* 83-10. Plaintiff's assertion that he is unable to carry anything while on crutches is not supported by the record. The evidence and Plaintiff's testimony indicate he was able to work and carry things when he was on crutches at his prior work as a computer mechanic, bindery machine operator and telemarketer and in his daily activities. (Tr. 149-50, 215.) At the hearing, Plaintiff testified he had been working on his car the week before. (Tr. 208-09.) In his interview with Rebecca Alexander, Ph.D., he reported he helps his mother, with whom he lives, with home improvements, and he is able to cook and do household chores. (Tr. 150.) Further, as discussed above, Plaintiff has failed to present sufficient evidence that he is medically unable to wear a prosthesis, or that he is unable to pay for the recommended prosthesis that would restore his ability to work. Because he has not followed the medical recommendations for treatment, or shown a justifiable cause for his failure to obtain a prosthesis, Plaintiff is not eligible for disability benefits. 20 C.F.R. §§ 404.1530, 416.930; *Warre v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir.) (impairments that can be controlled with treatment are not disabling).

**CONCLUSION**

The Commissioner's determination of non-disability is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is **DENIED;**

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 11)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant.

DATED March 30, 2010.

                      <u>S/ CYNTHIA IMBROGNO</u>
                   UNITED STATES MAGISTRATE JUDGE